## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,             Criminal No. 04-274 (JRT)

                                      Civil No. 06-1508 (JRT)

                    Plaintiff,

v.                           **MEMORANDUM OPINION AND**
                             **ORDER DENYING § 2255 MOTION**

LUIS AVILA-TORRES,

                    Defendant.

---

LeeAnn K. Bell and James E. Lackner, Assistant United States Attorneys,
**OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States
Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 for plaintiff.

Luis Avila-Torres, #11715-041, 3711 Wright Avenue, Cedar Hill Unit,
Big Spring, TX 79720, defendant *pro se*.

Defendant Luis Avila-Torres, a federal prisoner incarcerated Big Spring, Texas, brings this motion to vacate pursuant to 28 U.S.C. § 2255. As explained below, the Court denies the motion.

## BACKGROUND

On November 24, 2004, defendant, an illegal alien, pled guilty to possession with intent to distribute a mixture containing 162.3 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On June 29, 2005, defendant was sentenced. The Court calculated defendant's guideline range to be 37 to 46 months. In calculating the guidelines, the Court adopted the findings in the Presentence Report. Based on the

amount of narcotics, the base offense level was calculated at 26. No specific offense characteristics were applied. Defendant received a 3-level decrease in the offense level for acceptance of responsibility, for a total offense level of 23. In addition, the Court found that defendant qualified for the "Safety Valve" under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), and granted defendant a 2-level decrease in his offense level. With a criminal history category of I and an offense level of 21, defendant's guideline range was 37 to 46 months. In addition, the Safety Valve permitted the Court to sentence defendant below the statutory mandatory minimum of 60 months. See 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Ultimately, defendant was sentenced below the mandatory minimum, but at the top of the guideline range, to 46 months imprisonment.

On April 17, 2006, defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel.

## ANALYSIS

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996). Under *Strickland*, there is a presumption that the attorney's representation was competent and that the challenged decisions constituted permissible strategic and tactical choices of

counsel. *Strickland*, 466 U.S. at 689.  In the context of a guilty plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  In addition, counsel is not ineffective for failing to make a motion, or perform acts, that would have been meritless or futile. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (counsel is not ineffective if claim defendant asserts counsel should have pursued is meritless); *Garrett*, 78 F.3d at 1303 n.11 (counsel is not ineffective for failing to perform acts which appear to be futile or fruitless at the time the decision must be made).

### A.    Downward Departure for Aberrant Behavior

Defendant contends that he received ineffective assistance of counsel because his lawyer failed to seek a downward departure for aberrant behavior.  A downward departure may be granted for aberrant behavior where the defendant committed only a single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from otherwise law-abiding life. *See* U.S.S.G. § 5K2.20.  However, the downward departure is not available if the offense of conviction is a serious drug trafficking offense. *See* U.S.S.G. § 5K2.20(c)(3); *see also United States v. Bueno*, 443 F.3d 1017, 1023 (8th Cir. 2006).  The Application Notes for § 5K2.20 define "serious drug trafficking offense" as "any controlled substance offense under Title 21, United States Code, other than simple

possession under 21 U.S.C. § 844, that provides for a mandatory minimum term of imprisonment of five years or greater."

Here, defendant pled guilty to possession with intent to distribute 162.3 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), which carries with it a mandatory minimum sentence of five years. Thus, defendant was convicted of a serious drug trafficking offense, rendering him ineligible for the departure. Because defendant was ineligible for the departure, it was not appropriate for his attorney to seek a downward departure for aberrant behavior, and any attempt to seek a downward departure would have been meritless. Therefore, defendant's counsel was not ineffective for failing to make such a motion. *See Dyer*, 23 F.3d at 1426. Accordingly, defendant is not entitled to relief on this ground.

### B.      Downward Departure for Immigration Status

Defendant claims his counsel was ineffective for failing to seek a departure on the basis that he is an illegal alien, and thus, ineligible for pre-release custody or minimum security confinement. Defendant argues that such limitations should have been considered mitigating factors.

Although the Eighth Circuit has recognized that the collateral consequences of a defendant's alien status may be an appropriate basis for a departure, it is "only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement, which would affect a substantial portion of a defendant's sentence." *See United States v. Lopez-Salas*, 266 F.3d 842, 847-

49 (8th Cir. 2001).  In *Lopez-Salas*, the Court held that a defendant's ineligibility for minimum security facilities, as well as ineligibility to serve the final ten percent of his sentence in a halfway house, were not sufficiently exceptional to warrant a downward departure.

Here, defendant has made no showing that as a consequence of his immigration status, there has been a substantial and undeserved increase in the severity of his conditions of confinement.   In fact, defendant was sentenced to forty-six months imprisonment, of which a halfway house placement could only amount to a maximum of six months or thirteen percent of his total sentence.  Additionally, there is no indication that defendant would be eligible for a minimum security facility in light of his narcotics conviction.  As in *Lopez-Salas*, the facts that defendant's immigration status rendered him ineligible for placement in minimum security facilities, as well as ineligible to serve the final ten percent of his sentence in a halfway house, are not sufficiently exceptional to warrant a downward departure.

Because defendant's circumstances would not warrant a departure based on his immigration status, any motion for a downward departure based on his immigration status would have been meritless, and counsel is not ineffective for failing to make a motion that would have been meritless.   *See Dyer*, 23 F.3d at 1426.  Accordingly, defendant is not entitled to relief on this ground.

**C.      Downward Departure under Fast Track Program**

Defendant claims that his counsel was ineffective for failing to seek a downward departure under (1) the "Fast Track" Program and (2) an Early Disposition Program under U.S.S.G. § 5K3.1.  A Fast Track program is in fact an early disposition program as described in U.S.S.G. § 5K3.1, and thus, these requests are one and the same.

In order for an early disposition program to exist under § 5K3.1, the Attorney General of the United States and the United States Attorney for the District must authorize such a program.  Neither the Attorney General nor the United States Attorney for the District of Minnesota have authorized any such programs in this District.  Thus, defendant's counsel could not have obtained a departure on this basis, and if counsel had moved for a departure, such motion would have been unsuccessful.

In addition, to the extent that defendant is claiming ineffective assistance of counsel based on counsel's failure to seek a downward departure for any sentencing disparity resulting from the lack of a fast track program, such an argument fails.  There exists in some jurisdictions a Fast Track Program, which grants illegal aliens charged with immigration-related offenses a reduced sentence in exchange for a quick resolution of their case.  Although defendant is an illegal alien, he was not convicted of an immigration-related offense.  Thus, any motion by counsel seeking a departure on this basis would not have succeeded.  Moreover, the Eighth Circuit has held that any sentence disparity arising from early disposition programs does not make a defendant's sentence – which is otherwise reasonable – unreasonable.  *See United States v. Sebastian*, 436 F.3d 913 (8th Cir. 2006).

As set forth above, counsel is not ineffective for failing to make a motion that would have been unsuccessful. *See Dyer*, 23 F.3d at 1426. Here, because any motion for a downward departure based on a fast track program would have been unsuccessful, defendant's counsel was not ineffective for failing to make such a motion. Accordingly, defendant is not entitled to relief on this ground.

### D.   Failure to Admonish

Defendant claims that the sentence imposed was unconstitutional because the Court failed to admonish him regarding the applicable statutory mandatory minimum sentence.[1] However, the mandatory minimum was expressly stated in the plea agreement, and the Court did in fact admonish defendant regarding the statutory minimum: "Paragraph 2 contains the statutory penalties, which you have a right to know. That includes a maximum of 40 years in prison, *a mandatory minimum sentence of five years*, a fine of up to two million dollars, and a $100 special assessment." (emphasis added). Moreover, defendant received a sentence below the mandatory minimum. Accordingly, defendant's motion to vacate his sentence on the ground is completely without merit and is denied.

### E.   Early Disposition and Cooperation

Defendant claims that his plea was involuntary because his counsel failed to ensure a downward departure for early disposition and cooperation in pleading guilty in

---

[1] Defendant does not claim that he was unaware of the mandatory minimum, but instead only claims that the Court failed to admonish him of it.

lieu of trial.  To the extent that this argument is a reiteration of defendant's argument regarding the existence and applicability of early disposition programs pursuant to U.S.S.G. § 5K3.1, those claims have been addressed above.

To the extent that defendant is claiming that his plea was involuntary because he was told he would receive a downward departure for pleading guilty in lieu of trial, defendant's claim also fails.  Defendant did in fact receive a 3-level decrease in his offense level for acceptance of responsibility.  Without such a decrease, defendant's guideline range would have been 51-63 months, instead of 37-46 months.  Thus, defendant's guilty plea could not be involuntary on this basis, and counsel could not have been ineffective, since he did in fact receive the allegedly promised benefit.  Accordingly, relief is not warranted on this ground.

## II.     CERTIFICATE OF APPEALABILITY

For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently.  For this reason, the Court concludes that defendant has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that

1.      Defendant's motion to vacate under 28 U.S.C. § 2255 [Docket No. 21] is **DENIED**.

2.      For purposes of appeal, the Court does not certify the issues raised in defendant's motion for a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).


The Clerk of Court is respectfully directed to mail a copy of this Order to the defendant.


DATED:     September 1, 2006                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                          United States District Judge